IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNEDY HYDE, | : | |
|     Petitioner | : | No. 1:13-cv-02678 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| JEFFREY THOMAS, WARDEN, | : | (Chief Magistrate Judge Carlson) |
|     Respondent | : | |

## MEMORANDUM

Presently pending before the Court is Chief Magistrate Judge Carlson's Report and Recommendation (Doc. No. 3) addressing Petitioner Kennedy Hyde's Section 2241 petition (Doc. No. 1) and Petitioner's objections thereto (Doc. No. 4.) For the reasons that follow, the Court will adopt the Report and Recommendation (Doc. No. 3), deny Petitioner's habeas petition (Doc. No. 1), and overrule Petitioner's objections (Doc. No. 4).

## I. BACKGROUND

Petitioner, a federal prisoner at United States Penitentiary Lewisburg ("USP-Lewisburg"), filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 on October 30, 2013. (Doc. No. 1.) Petitioner's petition is difficult to follow, but it appears that he seeks habeas relief on the following grounds: (1) his sentence was improperly calculated; (2) the conditions of his confinement and the medical care he has received are unconstitutional; (3) his specific placement at USP-Lewisburg has increased the risk of serious harm he faces. (See id. at ¶¶ 2-11; 14-15; 18, 20-23.)

On November 1, 2013, Chief Magistrate Judge Carlson issued a Report and Recommendation, wherein he recommended that the Court dismiss Petitioner's petition on the grounds that Petitioner's action should not have been brought under Section 2241. (Doc. No. 3 at 1-2.) Petitioner filed objections to the Report and Recommendation on November 18, 2013.

(Doc. No. 4.) The Court will address Magistrate Judge Carlson's recommendations and Petitioner's objections in turn.[1]

## II. DISCUSSION

### A. Petitioner's argument that he is entitled to relief under Section 2241

Chief Magistrate Judge Carlson recommends that the Court reject Petitioner's argument that his sentence was improperly calculated, because Section 2241 does not allow petitioners to challenge the legality of their confinement, save for a narrow exception for which Petitioner does not qualify. (See Doc. No. 3 at 3.) The Report and Recommendation further recommends that Petitioner's Section 2241 petition be dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United District Courts, with leave for Petitioner to file a challenge to the legality of his confinement under Section 2255. (Id.)

In his objections to Magistrate Judge Carlson's Report and Recommendation, Petitioner argues that he is entitled to relief under Section 2241, because he challenges the duration of his confinement rather than his underlying conviction. (Doc. No. 4 at 1.) Specifically, Petitioner argues that his sentence was improperly calculated in light of the United States Supreme Court decision in Alleyne v. United States, which held that any fact that increases an individual's sentence in a jury trial must be found by a jury and not a judge. 133 S.Ct. 2151, 2155 (2013). Petitioner also asserts that under Cardona v. Bledsoe, which outlines the narrow circumstances in which a federal prisoner is entitled to bring a habeas petition under Section 2241 rather than

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Rule 72(b) of the Federal Rules of Civil Procedure, provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

Section 2255, he is entitled to bring his claim under Section 2241. 681 F.3d 533, 537 (3d Cir. 2012) cert. denied, 133 S.Ct. 805, 184 L. Ed. 2d 597 (U.S. 2012); (Doc. No. 4 at 3.) Cardona holds that in order for Petitioner to qualify for the Section 2241 exception, he must show that the persons or institutions responsible for overseeing the execution of his sentence did not follow the "command or recommendation in his sentencing judgment." 681 F.3d at 537. The Court will discuss each argument in turn.

### 1. Petitioner's "Alleyne" argument

Although Section 2255 is generally the proper mechanism for a federal prisoner to challenge his conviction, there is a narrow exception which allows federal prisoners to use Section 2241 in the "rare case" when a Section 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249–50 (3d Cir. 1997). Section 2255 motions are inadequate or ineffective "only if it can be shown that some limitation of scope or procedure would prevent a section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954). However, a federal prisoner's challenge to his sentence based on Alleyne specifically does not qualify for the narrow exception, and consequently, Alleyne claims must be brought under Section 2255. Jackman v. Shartle, No. 13-2500, 2013 WL 4419333, at *2 (3d Cir. Aug. 20, 2013). Thus, Petitioner's argument that he is entitled to relief under Section 2241 on the basis of Alleyne fails.

### 2. Petitioner's "Cardona" argument

Petitioner also asserts that under Cardona, he is entitled to bring his habeas claim pursuant to Section 2241, because he challenges the execution of his sentence and not his

3

conviction.  (Doc. No. 4 at 3.)  <u>Cardona</u> holds that in order for Petitioner to qualify for the Section 2241 exception, he must show that the persons or institutions responsible for overseeing the execution of his sentence did not follow the "command or recommendation in his sentencing judgment."  681 F.3d at 537.  The Court finds that the Report and Recommendation does not err in concluding that Petitioner did not meet the standards set forth in <u>Cardona</u>.  Petitioner has not alleged that his sentence is not being properly executed, but instead challenges the calculation of his sentence.  (<u>See</u> Doc. No. 1 at 1 (requesting a "release from custody upon challenging the duration of confinement"); Doc. No. 4 at 1 (invoking an <u>Alleyne</u> challenge to the duration of his sentence).)  Thus, just as in <u>Cardona</u>, because Petitioner's "claims do not concern the execution of his sentence," he is not entitled to the narrow exception allowing him to bring his claim under Section 2241.  681 F.3d at 537 (internal citations omitted).

Accordingly, the Court finds that Chief Magistrate Judge Carlson correctly concluded that Petitioner failed to demonstrate that he is entitled to relief under Section 2241, rather than Section 2255.  (<u>See</u> Doc. No. 3 at 5.)  The Court will therefore adopt Magistrate Judge Carlson's recommendation that Petitioner's Section 2241 petition be dismissed without prejudice to filing of a Section 2255 petition in the district of Petitioner's conviction.  (<u>Id.</u> at 6.)

### B. Conditions of confinement and placement at USP-Lewisburg

Magistrate Judge Carlson next recommends that the Court reject Petitioner's arguments that he is entitled to habeas relief based on the following grounds: (1) the conditions of his confinement and (2) his placement at USP-Lewisburg, because the writ of habeas corpus is an improper mechanism for either such a challenge.  (Doc. No. 3 at 7.)  Although Petitioner objects generally to all of Magistrate Judge Carlson's recommendations, he does not present any specific

legal arguments to rebut Judge Carlson's recommendations regarding his "conditions of confinement" and "placement" arguments.[2]  (See Doc. No. 4.)

The Court finds that Petitioner's "conditions of confinement" and "placement" arguments fail to establish that he is entitled to habeas relief.  When a habeas petitioner challenges a prison placement decision or "a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction," Petitioner must seek relief under other civil rights statutes.  Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).  Further, when a habeas petitioner seeks "something other than immediate or more speedy release – the traditional purpose of habeas corpus," then "habeas corpus is not an appropriate or available federal remedy."  Preiser v. Rodriguez, 411 U.S. 475, 494 (1973).  Finally, when a petitioner's claim "would not necessarily result in a change to the duration of his sentence," as when he challenges his conditions of confinement or his custodial placement, the petitioner's claims are "not properly brought in a habeas petition under § 2241, and the District Court [may dismiss] his petition for lack of subject matter jurisdiction."  Cardona, 681 F.3d at 537.  Were Petitioner to succeed on his "conditions of confinement" and "placement" claims, it does not follow that the Court would alter the duration of his sentence.  Thus, these claims are not properly brought in a habeas complaint.

Accordingly, the Court finds that Chief Magistrate Judge Carlson did not err in

---

[2] Petitioner objects to Chief Magistrate Judge Carlson's description of Petitioner's placement at Lewisburg Penitentiary, on the grounds that Petitioner is housed in the minimum security "camp" rather than the high-security penitentiary.  (See Doc. No. 4 at 2.)  However, the fact that Chief Magistrate Judge Carlson's Report and Recommendation does not specifically state that Petitioner is housed in the camp rather than the penitentiary does not change the legal analysis for Petitioner's habeas petition.

concluding that Petitioner's "conditions of confinement" and "placement" arguments fail to establish that he is entitled to federal habeas relief.  (See Doc. No. 3 at 10.)  The Court will therefore adopt Magistrate Judge Carlson's recommendations that Petitioner's Section 2241 petition be dismissed without prejudice to Petitioner's ability to file a proper motion under 28 U.S.C. § 2255 in the district of his conviction, the Northern District of New York, and that a certificate of appealability should not issue.  (Id. at 10-11.)  An order consistent with this memorandum follows.